IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY WAITE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPASS MINERALS AMERICA, INC.,<br><br>    Defendant. | Case No. 2:25-CV-02372-JAR-BGS |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Compass Minerals America, Inc.'s ("Compass") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Doc. 9), seeking transfer of this action to the Western District of Louisiana.  Plaintiff Timothy Waite, individually and on behalf of all others similarly situated, ("Waite") opposes the motion.  The matter is fully briefed, and the Court is prepared to rule.  For the reasons explained below, and after considering all the relevant factors, the Court grants Compass's motion and transfers this case to the Western District of Louisiana.

## I.    Background

Waite is employed by Compass and works as a "powder-man."[1]  A powder-man is a mining industry term for workers whose primary job duties include the use of explosives for underground mining operations.  Waite lives in New Iberia, Iberia Parish, Louisiana and was employed at Compass's Cote Blanche Mine in Franklin, St. Mary Parish, Louisiana, working to extract rock salt from deposits that sit 1,500 feet below ground.[2]  Compass is a Delaware

---

[1] Doc. 1.

[2] Doc. 10-1.

corporation, whose principal place of business is in Overland Park, Kansas. Compass owns and operates the Cote Blanche salt mine, which is its only underground salt mining operation in the United States.[3] Employee relations in the Cote Blanche Mine are governed by a collective bargaining agreement between Compass and the United Steelworkers International Union (Local 14425) ("Union"), the Union chapter covering New Iberia, Louisiana.[4] Compass and the Union entered into and negotiated the collective bargaining agreement in Louisiana.[5]

On July 10, 2025, Waite filed this civil action under the Fair Labor Standards Act[6] and the Portal-to-Portal Act[7] (collectively, the "FLSA"), seeking damages for Compass's alleged failure to pay Waite time and one-half the regular rate of pay for all hours worked over 40 in each seven-day workweek. Waite specifically alleges that Compass required Waite and other similar hourly employees to perform work-related tasks outside of their on-the-clock time, which is not considered when calculating their hourly wages.[8] Waite does not allege that any of the alleged overtime worked by him or similarly situated employees took place anywhere but the Cote Blanche Mine. However, Waite does allege[9] Compass's "policy and/or practice does not permit [Waite] and similarly situated workers to record the time spent" donning and doffing[10].

---

[3] Doc. 24 at 3.

[4] Doc. 10-1 ¶ 7.

[5] *Id.*

[6] 29 U.S.C. §§ 201–219.

[7] 29 U.S.C. §§ 251–262.

[8] Doc. 1 ¶ 2.

[9] Doc. 1 ¶¶ 31, 32, 48.

[10] "Donning" and "doffing" are industry terms that refer to putting on and taking off, respectively, personal protective equipment. They inherit their form from their 14th century contractions: "do off" and "do on."

On September 9, 2025, Compass filed a motion to transfer the present action from the District of Kansas to the Western District of Louisiana.[11]

## II.    Legal Standards

Transfer of venue is governed by 28 U.S.C. § 1404.  Section 1404(a) provides that a court may transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."[12]  "[V]enue is not limited to the district with the *most* substantial events or omissions," but may lie "in multiple judicial districts as long as a substantial part of the underlying events took place in those districts."[13]

The decision to transfer venue lies in the sound discretion of the court, based on an "individualized, case-by-case consideration of convenience and fairness."[14]  In considering whether to transfer, courts determine whether the case may have been brought in the proposed transferee district and whether the "competing equities" weigh in favor of transfer.[15]  The Tenth Circuit has directed district courts to weigh the following discretionary factors:

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all

---

[11] *See* Doc. 9.

[12] *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010) (emphasis in original).

[13] *Id.* (quoting *Gulf Ins. v. Glasbrenner*, 417 F. 3d 353, 356 (2d Cir. 2005)).

[14] *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

[15] *Hustler Magazine, Inc. v. U.S. Dist. Ct. for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986).

other considerations of a practical nature that make a trial easy, expeditious and economical.[16]

"[U]nless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[17]  "However, when a plaintiff is a class representative, that weight is diminished and factors other than plaintiff's choice must necessarily take on increased significance."[18]  The party seeking to transfer venue "bears the burden of establishing that the existing forum is inconvenient."[19]

### III.    Analysis

Pursuant to the standards set forth above, the Court first assesses whether this case might have been brought in the Western District of Louisiana and then proceeds to consider whether the 'competing equities' weigh in favor of adjudicating the case in that district.

#### A.    Suit could have been filed in transferee court

The putative transferee court, the Western District of Louisiana, could have heard Wait's case in the first instance.[20]  "The 'where it might have been brought' language . . . incorporates the requirements of jurisdiction and proper venue."[21]  Here, because Compass owns and operates

---

[16] *Bartile Roofs, Inc.*, 618 F.3d at 1167 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[17] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[18] *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004) (citing *Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 589 (S.D. Ohio 1986)).

[19] *Cricut, Inc. v. Enough for Everyone, Inc.*, No. 2:21-CV-601-TS-DAO, 2022 WL 798877, at *1 (D. Utah Mar. 16, 2022) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[20] Waite's brief in opposition to Compass's motion to transfer argues that he "lacked knowledge that this case could have been brought in the Western District of Louisiana." Doc. 19 at 5.  However, Waite's concern is irrelevant for this part of the transfer analysis.  Rather, the Court is simply tasked with determining whether this action *might have been* brought in the Western District of Louisiana in the first instance. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought**.") (emphasis added).

[21] *Mid Kan. Fed. Sav. & Loan Ass'n of Wichita ex rel. Resol. Tr. Corp. v. Orpheum Theater Co.*, 810 F. Supp. 1184, 1188–89 (D. Kan. 1992) (citing *Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960)).

the Cote Blanche Mine in Franklin, Louisiana, Waite's allegations concern his work at the Cote Blanche Mine, and Waite resides in New Iberia, Iberia Parish, Louisiana, the Western District of Louisiana satisfies both the personal jurisdiction and venue requirements for this FLSA case.[22] Accordingly, the Court turns to whether the balance of competing equities favors transfer.

**B.    Balance of factors favors transfer**

If a case could have originally been filed in the transferee district, the Court considers whether transfer would serve the interest of justice and would be convenient for the parties and witnesses.[23]  The Court evaluates the relevant discretionary factors outlined above to determine whether Compass has met its burden of demonstrating that the facts here strongly favor transfer of venue.  As discussed below, the Court concludes that Compass has met this burden.

**1.    Waite's Choice of Forum**

Waite has chosen Kansas as the forum for his FLSA action against Compass.  A plaintiff's choice of forum is rarely disturbed.[24]  "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district."[25]  Further, a plaintiff's status as a class representative also diminishes that weight and other factors beyond a plaintiff's choice "must necessarily take on increased significance."[26]  Likewise, courts "accord little weight to a

---

[22] *See Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 682 (D. Kan. Aug. 23, 2004) ("The FLSA does not contain a special venue provision, *see* 29 U.S.C. § 216(b) (providing that an FLSA action may be brought "in any Federal or State court of competent jurisdiction"), and therefore the general venue provision, 28 U.S.C. § 1391, governs venue for FLSA claims.").

[23] 28 U.S.C. § 1404(a).

[24] *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

[25] *Id.* at 1168 (citations omitted).

[26] *See Hart v. SandRidge Energy, Inc.*, No. 13-1185-JTM, 2014 WL 768657, at *2 (D. Kan. Feb. 24, 2014) (quoting *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004) ("However, when a plaintiff is a class representative, that weight is diminished and factors other than plaintiff's choice must necessarily take on increased significance.")).

plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'"[27]

Here, the District of Kansas is not Waite's home forum—Waite is both a resident of Louisiana and has pled that the totality of the at-issue hours worked took place in Louisiana. Additionally, Waite is seeking to be a class representative for putative collective action members that are all current and former hourly paid employees of Compass.  And although the Court has not yet addressed collective action certification, the Court notes that Waite's Complaint alleges that all putative members of the collective were *similarly situated* employees who were "paid pursuant to the same policy," and that this "policy" was Compass's alleged failure to pay hourly mine workers for time spent donning and doffing personal protective equipment ("PPE").[28]  This clarification is important for collective action purposes, because Compass operates a single underground mine in the United States: the Cote Blanche Mine in Franklin, St. Mary Parish, Louisiana.[29]

Nonetheless, Waite argues for the first time in his briefing that he is entitled to significant deference concerning his choice of forum, because the alleged decision to deny wage payment for donning and doffing took place at Compass's principal place of business in Kansas.  In support of this argument, Waite cites *Cruz v. Connexion Point, LLC*  for the proposition that a "plaintiff's chosen forum is only entitled to less deference if there are no operative facts that occurred within the forum *and* the forum has no interest in the parties or subject matter."[30]

---

[27] *Bartile Roofs, Inc.*, 618 F.3d at 1168 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

[28] Doc. 1 ¶¶ 2, 23, 26, 31, 32, 48.

[29] Doc. 24 at 2 n.1 (noting that, as a publicly traded company, Compass publishes an annual report that shows it only operates a single underground mine in the United States).

[30] *See* Doc. 19 at 6 (citing *Cruz v. Connexion Point, LLC*, No. 2:24-CV-00966-TC-DBP, 2025 WL 1569981, at *3–4 (D. Utah June 3, 2025)).

However, this is not the law the *Cruz* court recited; rather, the *Cruz* court began its analysis emphasizing that "a movant must do more than show that their chosen venue bears equal relation to the operative facts as the plaintiff's choice."[31]

Like this case, *Cruz* was an FLSA putative collective action case. The court was tasked with determining which of two separate entities carried out the challenged policies to determine material connections to the present forum. The *Cruz* court found that the plaintiff plausibly alleged that the at-issue policies took place in the transferor district, and the defendants failed to dispute the contrary.[32] Additionally, the *Cruz* court was not persuaded by defendants' argument that transfer was more convenient for the plaintiff due to the transferee district being in the same state as plaintiff, as the putative district court was more than a five-hour drive from the plaintiff's residence (who could just as easily fly to the District of Utah).[33]

The facts of this case are distinguishable. First, Waite fails to provide the Court with anything beyond conclusory speculation that the decisions concerning payment of donning and doffing took place at Compass's Kansas headquarters. In fact, Waite's own citation to his Complaint fails to support his contention that "the decision to deny wage payment for donning/doffing and travel to mines was made centrally through Defendant's policy-making operations at its principal place of business, in Kansas."[34] None of the paragraphs cited by Waite even vaguely mention Kansas or Compass's corporate headquarters. Regardless, even liberally construing Waite's Complaint to support his argument, Waite fails to provide the Court anything beyond his own speculation that "it is *most likely* that policy decisions regarding wage payment

---

[31] *Cruz*, 2025 WL 1569981, at *3.

[32] *Id.*

[33] *Id.*

[34] Doc. 19 at 6 (citing Doc. 1 ¶¶ 31, 32, 48).

were reached at [Compass's] headquarters in Kansas."[35]  Moreover, Waite never addresses

Compass's position, supported by sworn declaration, that "employee relations in the Cote

Blanche Mine are governed by a collective bargaining agreement between Compass and the

United Steelworkers International Union (Local 14425)" (the Steelworkers Union based in New

Iberia, Louisiana).[36]  Additionally, the Court notes that neither party addressed Article IV,

Section 4.01 (Check-Off provision) of the Collective Bargaining Agreement Between Compass

and United Steelworkers International Union (Local 14425), which specifically states:

> "It is further agreed that the Union Shop provision will be
> inoperative so long as it is declared illegal by State or Federal law.
> However, should the Federal Government *or the State of Louisiana*
> repeal the Right-to-Work law, the Union Shop provision will
> automatically become operative and made part of this
> Agreement."[37]

While not dispositive, this provision supports the conclusions that this dispute resides in

Louisiana, not Kansas.

Second, unlike the plaintiff in *Cruz*, Waite never argues that it would be easier for him to

commute from Louisiana to Kansas, nor does Waite name a single witness outside of Louisiana.

The *Cruz* plaintiff argued that transferring her case to her home-state of Texas would not save

her or potential witnesses significant travel time, as the potential options for district courthouses

would either require multiple flights for many witnesses or necessitate the plaintiff drive over

five hours to Dallas.[38]  It was this reality coupled with the plaintiff's *plausible* allegations of

where policy decisions were made that informed the *Cruz* court's analysis.  Waite does not

---

[35] *Id.* at 11, 12 (emphasis added).

[36] Doc. 10 at 2; Doc. 10-1.

[37] Doc. 24-4 at 9 (emphasis added).

[38] *Cruz*, 2025 WL 1569981 at *3.

provide this Court anything beyond mere speculation in his opposition to Compass's motion to transfer brief that the decisions concerning payment of donning and doffing took place in Kansas, nor does Waite address the arguments and exhibits Compass provides in support of its position that policy decisions were not made in Kansas. Accordingly, Waite's choice of forum in this case is a neutral factor.

### 2.    Accessibility of Witnesses and Sources of Proof

#### a.    *Witnesses*

Witness convenience is the most important factor under a § 1404(a) analysis.[39] To establish inconvenience, "the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."[40] Compass identifies seven potential witnesses, all of whom work in Louisiana: (1) George Trent, Vice President of Operations at Cote Blanche Mine; (2) Todd Russel, Human Resource Business Partner at Cote Blanche Mine; (3) Karim Colar, Human Resources Generalist at Cote Blanche Mine; (4) Scott Fountain, Environmental, Health, and Safety Manager at Cote Blanche Mine; (5) Donald Attaway, Production and Process Manager at Cote Blanche Mine; (6) Joseph Muffoletto, Production General Foreman at Cote Blanche Mine; and (7) Paul Boutte, Senior Production General Foreman at Cote Blanche Mine.[41] Waite has not identified any witnesses, but he has filed a Notice of Consent to Join Davey Monette; although, the Court is unable to identify Monette's residency from Waite's filing.[42]

---

[39] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).

[40] *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (internal quotations and alterations omitted)).

[41] Doc. 10 at 8–9.

[42] *See* Doc. 28.

Because the witnesses identified by Compass are its employees, they will be available whether the trial is held in Kansas or Western Louisiana, and compulsory process will not be necessary to assure their presence at trial.[43]  Compass argues deposition testimony would be insufficient for these witnesses, as it intends to ask at least some of these witnesses to demonstrate donning and doffing to the jury.  Compass does not argue that any of these witnesses would be unwilling to come to trial in Kansas.  The majority of Compass's argument on this factor rests on its contention that all of the witnesses already identified live in Louisiana.[44]

In response, Waite suggests he may request testimony from an employee at Compass's corporate headquarters in Kansas, but Waite does not identify a single witness in Kansas that he intends to seek testimony from.  Additionally, in his argument concerning this factor, Waite himself admits that he is willing to litigate this case in Kansas "*despite any inconvenience caused to him* by travel, the necessity of seeking time off work, or his comparatively limited resources."[45]  Given this acknowledgment, and considering the likelihood that, should the Court certify this case as a collective action, all future members of the collective will have worked or do work in Louisiana, the Court is unsure who exactly is accommodated by litigating this case in Kansas.  Nonetheless, "[t]he fact that most witnesses live outside of Kansas does not weigh

---

[43] *Nat'l Inst. for Strategic Tech. Acquisition & Commercialization v. Nissan N. Am., Inc.*, No. 10-1346-SAC, 2011 WL 915392, at *3 (D. Kan. Mar. 15, 2011) ("[E]mployees of the parties will, as a practical matter, be available in any venue by virtue of the employment relationship.").

[44] *See* 15 Wright and Miller's *Federal Practice & Procedure* § 3851 (4th ed.) ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be denied.").

[45] Doc. 19 at 8 (emphasis added).

heavily when establishing that a forum is inconvenient in the modern age."[46]  Although here, neither Compass nor Waite have identified a *single* witness in Kansas.  On balance, this factor weighs slightly in favor of transfer.

### b.    *Proof*

Likewise, Compass simply alleges any pertinent documents are also located in Louisiana (without rebuttal from Waite); this alone is also insufficient to establish inconvenience given the modern age.  For the foregoing reasons, on balance, this factor is neutral.

### 3.    Cost of Making Necessary Proof

If the case proceeds in the District of Kansas, the only potential witnesses identified in this case, as well as the parties and counsel, will need to travel; this includes Waite.  If the case is transferred, some of Compass's witnesses, employees, and counsel will still be required to travel, but the majority of Compass's employees, Waite's witnesses, and likely members of the collective will not.  Transferring this action will also reduce inconvenience to Waite, who highlighted his "comparatively limited resources" and need to request time off work in order to travel to Kansas.[47]  While the Court is mindful that a § 1404(a) motion should not be used to shift inconvenience from one party to the other,[48] "[b]ecause this District is not particularly convenient for either party, this factor weighs in favor of transfer."[49]

### 4.    Advantage of Having Local Court Determine Questions of Local Law

---

[46] *All Brands Distrib., LLC v. Vital Pharms., Inc.*, No. 18-cv-1354-EFM, 2019 WL 4958205, at *2 (D. Kan. Oct. 8, 2019) (quoting *McRae v. Tautachrome, Inc.*, No. 17-cv-1260-EFM, 2018 WL 3068112, at *6 (D. Kan. June 21, 2018)).

[47] Doc. 10 at 8.

[48] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

[49] *Cyph, Inc. v. Zoom Video Commc'ns, Inc.*, No. 21-cv-03027, 2022 WL 1184894, at *4 (D. Colo. Jan. 27, 2022) (quoting *Body Sci., LLC v. Bos. Sci. Corp.*, 846 F. Supp. 2d 980, 997 (N.D. Ill. Mar. 6, 2012)).

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale."[50]  Neither party made the Court aware of any questions of local law at issue in this action.  However, as Justice Jackson noted in *Gulf Oil Corp. v. Gilbert*, "[a]dministrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.  Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."[51]  The challenged wages in the present action were earned at a mine located in Louisiana, Waite resides in Louisiana, the Union that negotiated Waite's employment interests is based in Louisiana, the only witnesses identified by either party all reside and work in Louisiana, and finally, future collective action members will, in all likelihood, have also worked at Compass's only underground mine in the country, which, again, is in Louisiana.  On balance, this factor weighs heavily in favor of transfer.

### 5.  Docket Congestion

When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge.[52]  Compass concedes that the most recent data published by the Federal Court Management Statistics acknowledges that the "District of Kansas is somewhat less congested than the [Western] District of Louisiana, except

---

[50] *Bartile Roofs, Inc.*, 618 F.3d at 1170.

[51] 330 U.S. 501, 508–09 (1947).

[52] *Bartile Roofs, Inc.*, 618 F.3d at 1169.

for the average weighted filings per judge."[53]  Waite agrees.[54]  On balance, this factor weighs slightly against transfer; however, courts give this factor little weight.[55]

### 6.    Remaining Factors

Neither party suggests that judicial economy, the enforceability of any judgment, relative advantages and obstacles to a fair trial, or conflict of laws will be implicated by transfer of venue.  These factors are neutral.

### 7.    Weighing the Factors

As they apply here, the Court finds that three of the relevant factors favor transfer: costs of making necessary proof, the accessibility of witnesses, and the advantage of having a local court determine questions of local law.  The Court further finds one factor slightly favors retaining the case in this District: docket congestion.  The remaining factors weigh neutral.  The governing standard in the Tenth Circuit requires the moving party to show that the relevant factors "strongly favor" transfer of venue.[56]  The Court concludes that Compass has met its burden.

In reaching this decision, the Court is aware of the rule that the plaintiff's choice of forum is generally given great deference.[57]  Further, the Court must avoid merely shifting the inconvenience from one party to another.[58]  Notwithstanding these general principles, the district

---

[53] Doc. 10 at 11.

[54] Doc. 19 at 11.

[55] 15 Wright & Miller's *Federal Practice & Procedure* § 3854 n.19 (4th ed.) (collecting cases).

[56] *Bartile Roofs, Inc.*, 618 F.3d at 1167 n.13.

[57] *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[58] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

court must decide § 1404(a) motions based upon its specific facts.[59]  Although Kansas is an appropriate venue, it appears, having weighed all of the applicable factors, that Louisiana is a substantially more convenient forum for both parties and every identified witness.

Waite's arguments rest on three pillars: (1) plaintiffs are entitled to significant deference concerning their choice of forum; (2) Compass's principal place of business in Kansas disfavors transfer; and (3) docket congestion weighs against transfer.  But these three factors do not rebut Compass's strong showing in favor of transfer.  Pertinent to the first pillar, the Court recognizes that when a plaintiff brings an action as a class representative, "the weight normally given to his choice of forum is diminished."[60]  And when a plaintiff does not reside in the challenged forum, the deference afforded to their choice of forum is further diminished.[61]  Further, the Court cannot ignore the likelihood that all future members of the putative class will necessarily have worked or still do work at the Cote Blanche Mine in Louisiana.

Compass's principal place of business is Waite's only connection to Kansas, aside from his local counsel.  In fact, Waite, each witness identified by both parties, the location where the governing employment agreement was negotiated, and the place where the totality of the at-issue work occurred, all share the same home: Louisiana.  And docket congestion only slightly weighs in favor of transfer.  Accordingly, exercising the discretion afforded by § 1404(a), the Court concludes that the convenience of both parties and their witnesses, and the interest of justice, would be better served by transferring the case to the Western District of Louisiana.

---

[59] *Id.* at 1516.

[60] *Brannon v. Express Scripts Holding Co.*, No. 17-2497-DDC-TJJ, 2018 WL 263237, at *5 (D. Kan. Jan. 2, 2018) (quoting *Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1263 (D. Kan. 2004)).

[61] *Bartile Roofs, Inc.*, 618 F.3d at 1168.

**IT IS THEREFORE ORDERED BY THE COURT** that Compass's Motion to Transfer Venue (Doc. 9) is **GRANTED**; pursuant to 28 U.S.C. § 1404(a), this case shall be transferred to the Western District of Louisiana.

**IT IS SO ORDERED.**

Dated: December 9, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE